Cuma, per
Nott, J.
The facts of this case are invel-oped in a great deal of obscurity, as is often the case in family transactions of this sort. With regard to the right of Arnold undér whom the defendant claim it is now too late to suffer such a question to be raised. Nor could such an enquiry, whatever might be the result, affect the rights of these parties after such a lapse of time. How Colonel Hill acquired a right to dispose of these negroes by will, does not appear, unless it was by possession from the year 1810, when Andrew Hill left him to the year 1816 when he died. It appears however that Colonel Hill himself entertained doubts of his right by his annex ing as a condition to the devise of the land to AndrewT that he should relinquish his right to the negroes. The-devise itself did not divest ahui e w oi nis right. ^¿But he *278 can not take both under the will. The acceptance of one would amount to a relinquishment of the other. For although the doctrine of election belongs peculiarly to the court of equity, the power of enforcing which cannot well be exercised by a court of law, yet the court can make the enquiry whether an election has been made or not and determine according to the result of such investigation. Thus, for instance, if the plaintiff had produced an unequivocal relinquishment in writing from Andrew Hill to himself of the negroes in question according to the provisions of Col. Hill’s will there can be no doubt that he would have been entitled to recover. The principle being admitted, such relinquishment might he proved by other evidence or inferred from circumstances. I think therefore the question ought to have been distinctly submitted to the jury whether he had not made his election and renounced his right, if he had any, to the negroes in question. His honor then went into the facts of the case.

New trial granted.